# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTTIE MCLEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00512-TWP-TAB |
| | ) |
| CORIZON HEALTH MEDICAL PROVIDER, | ) |
| INC, DUSHAN ZATECKY, SCOTT LEVINE, | ) |
| ROBERT PERRY, SUSAN RESCH, NIKKI | ) |
| TAFOYA, MONICA GIBSON, | ) |
| ALEYCIA MCCULLOUGH, CORY CONLON, | ) |
| BRIAN MARTZ, TIMOTHY BODKIN, | ) |
| JAMES JACKSON, ADREONNIA WATSON, | ) |
| CAMAY FRANCUM, LINDA VAN NATTA, | ) |
| and CHARLENE A. BURKETT, | ) |
| | ) |
| Defendants. | ) |

## ENTRY DISMISSING AMENDED COMPLAINT
## AND DIRECTING FILING OF SECOND AMENDED COMPLAINT

Plaintiff Scottie McLean ("McLean"), an Indiana prisoner, filed this civil action alleging his civil rights were violated at the Pendleton Correctional Facility. The 45-page Complaint, filed on February 21, 2018, names Corizon Health Medical Provider, Inc. and fifteen individuals as defendants. McLean alleges that on November 13, 2015, Dr. Scott Levine ordered the administration of involuntary psychotropic medication. Other defendants then carried out the doctor's orders with excessive force causing McLean's injuries.

### I. SCREENING STANDARD

Because McLean is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his Complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief. In determining whether the Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by McLean are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. DISMISSAL OF THE AMENDED COMPLAINT

On March 21, 2018, McLean filed a Motion for Leave to File Amended Prisoner Complaint, Dkt. [9], so that he might correct several errors pertaining to defendants' names and to add a defendant. The Court granted said Motion on April 3, 2018. The Amended Complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

This action was filed on February 21, 2018, more than three months after the expiration of Indiana's two-year statute of limitations, with McLean's claims having accrued no later than November 13, 2015, when McLean alleges that Dr. Levine issued involuntary psychotropic

medication orders and that medication was forcefully injected into McLean using excessive force and causing injury.

> It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense.

*Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012). That is the case here – the claims based on the constitutional violations occurring on November 13, 2015, must be dismissed.

The dismissal of the Amended Complaint will not in this instance lead to the dismissal of the action at present. The Amended Complaint alleges that the defendants continue to violate Mr. McLean's Eighth Amendment right to constitutionally adequate medical care. The Amended Complaint states:

> 38. Since November 13, 2015, Corizon Medical, Dushan Zatecky, Scott Levine, Roger Perry, Susan Resch, Aleycia McCullough, Nikki Tafoya, Monica Gibson, RN, Camay Francum, Linda Van Natta, and Charlene Burkett have failed to adequately treat Plaintiff for his continuous pain and suffering from the harmful effects of the illegal forced injection of psychotropic drugs.
>
> 39. Since November 13, 2015, Dushan Zatecky, Cory Conlon, Brain [sic] Martz, Timothy Bodkin, James Jackson, and Watson have failed to adequately treat Plaintiff for his continuous pain and suffering from the use of excessive force.

Dkt. [12] at 39.

These allegations cannot proceed as submitted at this time because the conclusion that a group of defendants "have failed to adequately treat Plaintiff for his continuous pain and suffering"

is not sufficient to state a plausible claim for relief. To be liable for an Eighth Amendment medical claim an individual defendant must have known of (or been deliberately indifferent to) a serious medical condition, then failed to take minimally competent steps to deal with that condition. *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

"Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller by Chassie v. Marberry*, 847 F.3d at 429-430; *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better

4

medical care. That can't be right."). Something more than generalized knowledge and inaction is required for personal responsibility.

### III. FURTHER PROCEEDINGS

Accordingly, McLean shall have **through Friday, June 15, 2018,** by which to file a second amended complaint. The second amended complaint should include factual content that allows the Court to draw the reasonable inference that each defendant is liable for the misconduct alleged, specifically: the failure to adequately treat McLean's continuous and on-going pain and suffering resulting from the November 13, 2015 incident.

In filing a second amended complaint, McLean shall conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the second amended complaint must include a demand for the relief sought; and (c) the second amended complaint must identify what legal injury McLean claims to have suffered and what persons are responsible for each such legal injury. McLean must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Any second amended complaint should have the proper case number, 1:18-cv-00512-TWP-TAB, and the words "Second Amended Complaint" on the first page. If a second amended

complaint is filed as directed above, it will be screened. If no second amended complaint is filed by Friday, June 15, 2018, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: 5/15/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scottie McLean, #935200
Pendleton Correctional Facility
Electronic Service Participant – Court Only